RENDERED:  MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1377-MR

MICHAEL HOWARD                                                        APPELLANT

v.

APPEAL FROM NICHOLAS CIRCUIT COURT
HONORABLE JAY B. DELANEY, JUDGE
ACTION NOS. 08-CR-00006 AND 17-CR-00038

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Michael Howard, *pro se*, appeals the Nicholas Circuit Court's

August 12, 2019 Order denying his CR[1] 60.02 motion for post-conviction relief.

After careful consideration, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## BACKGROUND AND PROCEDURE

On February 5, 2018, Howard pleaded guilty to two counts of first-degree trafficking in a controlled substance (Fentanyl)[2] – second or subsequent offender – and one count of possession of drug paraphernalia. In exchange for his plea, Howard received a total sentence of ten years in prison. Final judgment was entered on March 5, 2018. Due to the nature of his crime, he was required to serve at least fifty percent (50%) of his sentence before parole eligibility. KRS 218A.1412(3)(c).[3]

On July 17, 2019, Howard filed a "Motion for a Declaratory Judgment to Correct the Conviction in the Final Judgment and Order D.O.C. to Correct Time to Parole Board from 50% to 20%." He challenged the applicability of the fifty-percent eligibility requirement and his classification as a second or subsequent offender. The circuit court construed his motion as seeking post-conviction relief based on "CR 60.02(e)(f)." The court denied the motion, and this appeal followed.

## ANALYSIS

Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. *Richardson v. Brunner*, 327 S.W.2d

---

[2] Kentucky Revised Statutes ("KRS") 218A.1412(1)(d).

[3] KRS 218A.1412 was amended in June 2019. We utilize the prior version of the statute in effect at the time of Howard's conviction.

572, 574 (Ky. 1959). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

After carefully reviewing Howard's brief, and his motion before the circuit court, it appears Howard is arguing as follows: (1) the fifty-percent eligibility for parole requirement of KRS 218A.1412(3)(c) should be reduced because he has a substance use disorder; and (2) he was erroneously classified as a second or subsequent offender because the circuit court relied on a prior trafficking offense involving an "unspecified controlled substance." We address each argument in turn.

The version of KRS 218A.1412 in effect at the time of Howard's conviction stated:

> (1) A person is guilty of trafficking in a controlled substance in the first degree when he or she knowingly and unlawfully traffics in:
>
> (a) Four (4) grams or more of cocaine;
>
> (b) Two (2) grams or more of methamphetamine;
>
> (c) Ten (10) or more dosage units of a controlled substance that is classified in Schedules I or II and is a narcotic drug, or a controlled substance analogue;
>
> (d) Any quantity of heroin, fentanyl, carfentanil, or fentanyl derivatives; lysergic acid diethylamide; phencyclidine; gamma hydroxybutyric acid (GHB),

including its salts, isomers, salts of isomers, and analogues; or flunitrazepam, including its salts, isomers, and salts of isomers; or

(e) Any quantity of a controlled substance specified in paragraph (a), (b), or (c) of this subsection in an amount less than the amounts specified in those paragraphs.

(2) The amounts specified in subsection (1) of this section may occur in a single transaction or may occur in a series of transactions over a period of time not to exceed ninety (90) days that cumulatively result in the quantities specified in this section.

(3)(a) Any person who violates the provisions of subsection (1)(a), (b), (c), or (d) of this section shall be guilty of a Class C felony for the first offense and a Class B felony for a second or subsequent offense.

(b) Any person who violates the provisions of subsection (1)(e) of this section:

1.  Shall be guilty of a Class D felony for the first offense and a Class C felony for a second or subsequent offense; and

2.  a. Except as provided in subdivision b. of this subparagraph, where the trafficked substance was heroin and the defendant committed the offense while possessing more than one (1) items of paraphernalia, including but not limited to scales, ledgers, instruments and material to cut, package, or mix the final product, excess cash, multiple subscriber identity modules in excess of the number of communication devices possessed by the person at the time of arrest, or weapons, which given the totality of the circumstances indicate the trafficking to have been a commercial

activity, shall not be released on parole until he or she has served at least fifty percent (50%) of the sentence imposed.

b. This subparagraph shall not apply to a person who has been determined by a court to have had a substance use disorder relating to a controlled substance at the time of the offense. "Substance use disorder" shall have the same meaning as in the current edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders.

(c) Any person convicted of a Class C felony offense or higher under this section shall not be released on probation, shock probation, parole, conditional discharge, or other form of early release until he or she has served at least fifty percent (50%) of the sentence imposed in cases where the trafficked substance was heroin, fentanyl, carfentanil, or fentanyl derivatives.

KRS 218A.1412.

Howard first asserts he has a "substance use disorder" and, therefore, the circuit court should have applied KRS 218A.1412(3)(b)2b.[4]  We disagree.

KRS 218A.1412(3)(b)2b can only be used to reduce the 50% eligibility requirement if the person was convicted pursuant to KRS 218A.1412(1)(e) and has a substance use disorder.  *See Cobb v. Commonwealth*, No. 2019-CA-0373-MR, 2020 WL 598407, at *2 (Ky. App. Feb. 7, 2020).  Here, Howard pleaded guilty to KRS 218A.1412(1)(d), trafficking in fentanyl.  This is a

---

[4] In his brief, Howard consistently refers to this section as "KRS 218A.1412(2)(b)" or simply "Section 2-b."  Based on his arguments, it is evident he is referring to KRS 218A.1412(3)(b)2b.

Class C felony. KRS 218A.1412(3)(a). Pursuant to KRS 218A.1412(3)(c), anyone convicted of a Class C felony or higher must serve 50% of his sentence before parole eligibility. Accordingly, KRS 218A.1412(3)(b)2b does not apply.

Howard also contends his prior trafficking conviction involved an "unspecified controlled substance" which is insufficient to classify him as a second or subsequent offender. However, it is clear from the record that Howard was convicted by the Nicolas Circuit Court in April 2008 for first-degree trafficking in Oxycodone. (Trial Record at 34-35). Accordingly, he was properly classified as a second or subsequent offender.

## CONCLUSION

For the foregoing reasons, the Nicholas Circuit Court's August 12, 2019 Order is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael Howard, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K. M. Martin
Assistant Attorney General
Frankfort, Kentucky